# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2010

No. 10-50219

Lyle W. Cayce
Clerk

KEVIN CANNON,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-cv-848

Before JONES, Chief Judge, and JOLLY and GARZA, Circuit Judges.

PER CURIAM:[*]

Kevin Cannon alleges numerous health problems stemming mostly from his weight of 523 pounds. Believing that his ailments render him disabled under the Social Security Act ("the Act"), Cannon applied for benefits under Titles II and XVI. The Social Security Administration denied his claims, and Cannon appealed to an administrative law judge ("ALJ"). After considering Cannon's testimony, as well as testimony of a vocational expert, and after reviewing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50219

lengthy record that included reports from at least six different experts who had examined Cannon, the ALJ made several findings and concluded that Cannon is not disabled under the Act.  Cannon appealed to the district court, which referred the matter to a magistrate judge.  The magistrate judge concluded that the ALJ applied the proper legal standard, and that the ALJ's decision was supported by substantial evidence.  The district court affirmed the magistrate's report and recommendations over Cannon's objections.

Cannon timely appealed, arguing that the ALJ erred in three ways.  First, Cannon argues that the ALJ did not give proper weight to the opinion of Cannon's treating physician.  Second, Cannon argues that the ALJ's findings as to Cannon's residual functional capacity are not consistent with the medical evidence in the record.  Third, Cannon argues that the ALJ's determination is not consistent with the testimony of the vocational experts who testified that Cannon could perform no jobs given his alleged disability.

We have reviewed the record carefully and conclude that the ALJ applied the correct legal standard and reached a decision supported by substantial evidence.  Although not every expert agreed as to Cannon's precise abilities and limitations, the "Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

**AFFIRMED.**